AMERICAN HOME ASSURANCE
COMPANY, Plaintiff–
Appellant,

v.

WALLENIUS WILHELMSEN LINES
A.S., Wallenius Wilhelmsen Logistic
A.S., Wallenius Wilhelmsen Logistics
Americas, LLC, Wilhelmsen Lines
Shipowning, Wilhelmsen Ship Man-
agement Singapore, in personam, De-
fendants–Cross Claimants–Cross De-
fendants–Appellees,

Garrison Shipping Co. Ltd., in persona,
M/V BLSE Endurance, in rem, M/V
Tampa, in rem, M/V Taronga, in rem,
M/V Tapiola, in rem, Defendants.

No. 10–4846–cv.

United States Court of Appeals,
Second Circuit.

Oct. 6, 2011.

As Amended Oct. 7, 2011.

Matthew T. Loesberg, Marshall, Denne-
hey, Warner, Coleman & Goggin, New
York, NY, for Plaintiff–Appellant.

Garth S. Wolfson, Mahoney & Keane,
LLP, New York, NY, for Defendants–Ap-
pellees.

PRESENT: WALKER, DENNY
CHIN and RAYMOND J. LOHIER, JR.,
Circuit Judges.

### SUMMARY ORDER

Plaintiff-appellant American Home As-
surance Company, a subrogee of Caterpil-
lar, Inc., appeals from the district court's
March 16, 2010 opinion and order limiting
defendants-appellees' potential liability to
$2,000. Judgment was entered pursuant
to Rule 54(b) of the Federal Rules of Civil
Procedure on November 5, 2010. We as-
sume the parties' familiarity with the facts

and procedural history, which we reference only as necessary to explain our decision to affirm.

On September 9, 2009, American Home Assurance commenced this action seeking $170,729.16 for damage to four vehicles shipped by defendants on behalf of Caterpillar on separate ocean voyages between ports in Savannah, Georgia, Australia, Germany, and Japan. Defendants moved for partial summary judgment, pursuant to the Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C. § 30701 note, to limit liability to $500 per unpackaged vehicle.

We review an order granting partial summary judgment *de novo* to determine whether the district court properly concluded that there were no genuine issues of material fact and the moving party was entitled to judgment as a matter of law. *See Miller v. Wolpoff & Abramson, L.L.P.,* 321 F.3d 292, 300 (2d Cir.2003). "In determining whether there are genuine issues of material fact, we are required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Terry v. Ashcroft,* 336 F.3d 128, 137 (2d Cir.2003) (internal quotation marks omitted). After reviewing the record, we conclude, for substantially the reasons set forth by the district court, that defendants' liability is capped at $2,000.

The parties agree that the four vehicles were shipped pursuant to bills of lading that included Clause 10 that provided as follows:

> [i]f U.S. COGSA applies to the contract evidenced by this bill of lading, the carrier's liability is limited to U.S. $500 per package, or for Goods not shipped in packages, per customary freight unit, unless a higher value is declared in the Declared Value box on the face of the bill of lading and a higher freight is paid. Each unpackaged vehicle or other piece of unpackaged cargo on which freight is

calculated constitutes, one customary freight unit.

The purpose of COGSA is to "limit liability of common carriers for damage to cargo where the value of the cargo is not known to the carrier." *Gen. Motors Corp. v. Moore–McCormack Lines, Inc.,* 451 F.2d 24, 26 (2d Cir.1971) (per curiam). COGSA provides that neither the carrier nor the ship shall be liable for any loss or damage to goods in an amount over $500 per package, or in the case of goods not shipped in packages, per customary freight unit (the "CFU"), unless the nature and value of the goods have been declared by the shipper before shipment and inserted in the bill of lading. 46 U.S.C. § 30701 note.

If a company such as Caterpillar wants to avoid the $500 limit, it can declare a higher value for its cargo, thereby "alerting the carrier of its potential liability and allowing it to charge extra freight, if appropriate." *Moore–McCormack Lines, Inc.,* 451 F.2d at 26. Caterpillar did not make such a declaration here.

In fact, each of the three bills of lading submitted has a section labeled "Declared Value," next to which is a section labeled "Extra Charge." Nothing was written in the Declared Value section, and the word "none" was typed in the Extra Charge section. For the fourth shipment, American Home Assurance submitted a dock receipt and the shipper's packing list. These documents do not indicate a declared value for the shipment, and American Home Assurance does not challenge defendants' assertion that the bills of lading do not recite a higher value for the cargo.

The parties agree that: COGSA applies; the vehicles were shipped unpackaged; and the freight for each was calculated by cubic meter. The single question on appeal is whether the CFU for each of the four vehicles shipped is an unpackaged

vehicle or a cubic meter, the unit used to calculate the freight rate. If the CFU is each vehicle, liability is capped at $2,000. If the CFU is a cubic meter of volume, as American Home Assurance suggests, liability would be higher.

COGSA does not define the term "customary freight unit." Accordingly, this Court has explained that "[t]o determine the customary freight unit for a particular shipment, the district court should examine the bill of lading, which expresses the 'contractual relationship in which the intent of the parties is the overarching standard.'" *FMC Corp. v. S.S. Marjorie Lykes*, 851 F.2d 78, 80 (2d Cir.1988) (quoting *Allied Int'l. v. S.S. Yang Ming*, 672 F.2d 1055, 1061 (2d Cir.1982)). In short, the intent of the parties, as discerned from the bill of lading, controls. *Id.* at 81. "Absent any ambiguity" in the bill of lading, "the inquiry is ended, and both parties are bound to the freight unit therein adopted." *Id.*

The most natural reading of the relevant part of Clause 10—"[e]ach unpackaged vehicle or other piece of unpackaged cargo on which freight is calculated constitutes, one customary freight unit"—is that each unpackaged vehicle is a CFU, regardless of whether the vehicle's freight charge is determined by reference to its volume. *See FMC Corp.*, 851 F.2d at 81 (holding each fire engine shipped to be a CFU for COGSA purposes); *see also Vision Air Flight Serv., Inc. v. M/V Nat'l Pride*, 155 F.3d 1165, 1170 (9th Cir.1998) ("Each unpackaged refueling truck is properly defined as a customary freight unit under COGSA, and the district court therefore did not err in holding that the bill of lading properly invoked COGSA's liability limitation."); *Caterpillar Overseas, S.A. v. Marine Transp. Inc.*, 900 F.2d 714, 723 (4th Cir.1990) ("[W]e have no difficulty in concluding that the tractor in this case qualified as a 'customary freight unit' under

Section 1304(5)"). In so concluding, we rely on the plain, express language of the bill of lading.

In addition, none of the cases American Home Assurance relies upon has held that the CFU was the unit of measurement used to calculate the freight rate when there was, as here, a contrary CFU definition in the bill of lading. Furthermore, the phrase "on which freight is calculated" makes clear that the parties intended the CFU to be each unpackaged vehicle. Accordingly, defendants' liability is limited to $500 per unpackaged vehicle.

We have considered American Home Assurance's other arguments and conclude they are without merit. Accordingly, the judgment of the district court is **AFFIRMED.**